**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**                                                                TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                                   FAX (605) 224-9020

March 16, 2006

Randall B. Blake, Esq.
Attorney for Debtors
505 W. 9th Street
Sioux Falls, South Dakota  57104

Audrey Temmer
Jim Temmer
3313 Twin Willow Court
Appleton, Wisconsin  54914

    Subject:  ***In re Steven Duane and Beverly Ann Mercedes Hinrich***
                  Chapter 7; Bankr. No. 05-42382

Dear Mr. Blake and Mr. and Ms. Temmer:

    The matter before the Court is the Motion for Order Directing Clerks of Court to Discharge Judgments Voided in Bankruptcy filed by Debtors on February 28, 2006.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014.  As set forth below, Debtors' motion will be granted.[1]

    **Summary**.  On October 4, 2004, James Temmer ("Temmer") obtained a judgment against Steven Duane Hinrich and Beverly Ann Mercedes Hinrich in state court for $7,877.63 plus costs and interest.  On October 15, 2005, Steven Duane Hinrich and Beverly Ann Mercedes Hinrich ("Debtors") filed for relief under chapter 7 of the bankruptcy code.  Debtors listed Temmer as an unsecured creditor on their schedule F.

    On October 19, 2005, the Bankruptcy Clerk served notice of commencement of the case on Debtors' creditors, including Temmer. The notice of commencement of case clearly stated the deadline for filing a complaint objecting to discharge or to determine the dischargeability of a particular debt was February 21, 2006.

    Neither Temmer nor any of Debtors' other creditors filed a complaint objecting to discharge or to determine the dischargeability of a particular debt.  On February 22, 2006, Debtors were therefore granted a discharge under § 727 of the bankruptcy code.

---

    [1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

Re: *Steven Duane and Beverly Ann Mercedes Hinrich*
March 16, 2006
Page 2


On February 28, 2006, Debtors filed a Motion for Order Directing Clerks of Court to Discharge Judgments Voided in Bankruptcy. Temmer's judgment was listed in Debtors' motion. On March 10, 2006, Temmer and his wife Audrey filed an objection to Debtors' motion, in which they described the circumstances giving rise to Temmer's claim against Debtors.

**Discussion.** Section 524(a)(1) of the Bankruptcy Code provides:

(a) A discharge in a case under this title –

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which it was docketed. When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This has the effect of discharging the listed judgments from and after that date.

In this case, Temmer received timely notice of Debtors' bankruptcy. He did not object to Debtors' discharge or to the dischargeability of his claim. His claim was therefore discharged on February 22, 2006. His judgment was voided on that same date. Debtors are therefore entitled to the relief requested in their motion. The Court will enter an appropriate order.

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Charles L. Nail, Jr.
Clerk, U. S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

cc: case file (docket original; copies to parties in interest)

Steven & Beverly Hinrich
622 S. Walnut St.
Freeman, SD 57029

Jim & Audrey Temmer
3313 Twin Willow Court
Appleton, WI 54914